UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OZZIE GREGORIO, et al.,

   Plaintiffs,

v.

JASON SINGELTON, et al.,

   Defendants.

Case No. 18-cv-00568-HSG

**ORDER GRANTING DEFENDANTS' MOTIONS FOR REMAND, DENYING DEFENDANTS' MOTIONS FOR A TEMPORARY RESTRAINING ORDER, AND DENYING PLAINTIFFS' MOTION FOR STAY**

Re: Dkt. Nos. 3, 5, 10

Pending before the Court are Jason and Amanda Singleton's ("Defendants") motions for a temporary restraining order and remand, Dkt. Nos. 3, 10 ("Mot."), and Ozzie Gregorio and Elizabeth Beam's ("Plaintiffs") request for a stay of related state court proceedings, Dkt. No. 5 ("Stay Mot."). Defendants filed their first motion seeking relief on January 29, 2018. Dkt. No. 3. On January 30, 2018, Plaintiffs filed the motion to stay. Dkt. No. 5. On February 8, 2018, Plaintiffs filed an opposition to Defendants' motion. Dkt. No. 8 ("Opp."). Defendants replied that same day. Dkt. No. 9 ("Reply"). On February 11, 2018, Defendants refiled their motion for a temporary restraining order and remand.[1] For the reasons herein, the Court **GRANTS** Defendants' motions to the extent they request a remand, **DENIES** Defendants' motions insofar as they seek a temporary restraining order, and **DENIES** Plaintiffs' motion.

**I. BACKGROUND**

On March 22, 2017, Plaintiffs filed this action against Defendants in California Superior

---
[1] Defendants' earlier-filed motion for a temporary restraining order is substantively identical to their later-filed motion. *See* Dkt. Nos. 3, 10. Any references to Defendants' motions therefore cite to Defendants' later-filed request.

Court, asserting four causes of action for specific performance, breach of contract, fraud, and quiet title. Dkt. No. 1-3 ("State Ct. Compl."). On January 26, 2018, Plaintiffs "removed" this action to federal court. *See* Dkt. No. 1-1 ("Notice of Removal"). Three days later, on January 29, 2018, Defendants filed their first ex parte motion for temporary restraining order. Dkt. No. 3. Specifically, Defendants sought "an order remanding this matter back to the state court, and enjoining Plaintiffs from filing an additional 'Notice of Removal.'" *Id.* at 2. Defendants subsequently resubmitted their motion for temporary restraining order and remand. *See* Dkt. No. 10.

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Courts construe removal statutes narrowly so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 n.2 (9th Cir. 2002).

The Court examines the complaint on its face to determine subject matter jurisdiction. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). That focus applies where removal is sought on the basis of either a federal question or diversity jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189–90 (9th Cir. 1970) (diversity jurisdiction).

## III. ANALYSIS

The Court turns first to Defendants' request to remand this action to state court. *See* Mot. at 2. As a threshold matter, Plaintiffs cannot seek removal. *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260–61 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants.") (citing 28 U.S.C. § 1441). The Ninth Circuit has "categorically stated that '[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal court.'" *Id.* (quoting *Oregon Egg Producers v. Andrew,* 458 F.2d 382 (9th Cir.1972)). That principle also precludes a plaintiff from refiling "a second suit in federal court, based on the same facts and claims as the first suit" brought in state court. *See id.* (prohibiting a plaintiff from filing a "repetitive lawsuit," i.e. "a parallel action brought by the same plaintiff in a second forum"). Plaintiffs' attempt to "remove" their own lawsuit to this Court is thus legally void.

Remand is appropriate for two additional reasons. First, there is no diversity jurisdiction. Defendant Singleton is a resident of California, as are Plaintiffs. *See* Mot. at 2–3; State Ct. Compl. at 1 ("Ozzie Gregorio and Elizabeth Beam, are, and all times mentioned herein were, residents of Humboldt County, California"). Second, Plaintiffs' complaint does not present a federal question. *See id.* Plaintiffs' complaint asserts only state law causes of action concerning real property. *See id.*

Plaintiffs do not even attempt to establish a basis for jurisdiction in their "opposition" to Defendants' motions. *See* Opp. at 1. Plaintiffs' opposition merely comprises a series of disparate documents, including Plaintiffs' request that the Court stay the parties' underlying unlawful detainer action and arbitration in state court. *See id.*; Mot. at 1–2; Reply at 1. In the absence of any cognizable rationale for subject matter jurisdiction, the Court concludes that remand of this action to state court is appropriate.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** Defendants' motions to the extent that they seek a

remand of this action to state court. Because that holding is premised on a finding that the Court lacks subject matter jurisdiction, the Court **DENIES** Defendants' request for a temporary restraining order. *See* Mot. at 3. If Defendants seek additional relief to prevent Plaintiffs from filing additional removal notices, the state court is the appropriate forum in which to do so. The Court likewise **DENIES** Plaintiffs' request for a stay of the parties' state court proceedings for lack of subject matter jurisdiction.

IT IS HEREBY ORDERED that this case is remanded to Humbolt County Superior Court, Case No. CV170261/170176. The Clerk is directed to remand this case and close the file.

**IT IS SO ORDERED.**

Dated: 2/14/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge